**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0693n.06

No. 12-6281

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ROBERT L. CLEVELAND, JR.,                )
aka Bob Cleveland,                        )
                                          )
    Plaintiff-Appellant,              )
                                          )
v.                                        )
                                          )   ON APPEAL FROM THE
FRONTSTREAM DTI, LLC, a Delaware          )   UNITED STATES DISTRICT
limited liability company,                )   COURT FOR THE  MIDDLE
                                          )   DISTRICT OF TENNESSEE
    Defendant-Appellee.               )

```
                    ┌─────────────────────────┐
                    │        FILED            │
                    │     Jul 29, 2013        │
                    │  DEBORAH S. HUNT, Clerk │
                    └─────────────────────────┘
```

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  Robert L. Cleveland Jr. appeals the district court's grant of summary judgment for his former employer in a diversity breach-of-contract action.

In 2008, the parties entered into a contract under which Frontstream DTI, LLC (Frontstream) would employ Cleveland for four years as an executive vice president.  The contract would then renew automatically from year to year, unless either party gave three-months' notice.  The contract also provided that, in the event Cleveland's employment was terminated other than for cause, Frontstream would be obligated to pay him for half of the remaining term of the contract and, if Cleveland gave ninety-days' notice before receiving his final salary payment, Frontstream would be obligated to repurchase company stock owned by Cleveland.

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

On December 15, 2011, Frontstream informed Cleveland that his contract would not be renewed and would expire on April 2, 2012, thus providing him with more than the ninety-days' notice required. Cleveland was relieved of his duties, but he continued to be paid. On March 16, 2012, he filed this complaint alleging a breach of contract by Frontstream. He sought to require Frontstream to repurchase his stock.

The parties filed cross-motions for summary judgment. The district court denied Cleveland's motion and granted Frontstream's motion. The district court concluded that Cleveland was not entitled to have his stock repurchased by Frontstream because his employment had not been constructively terminated; rather, his employment contract had expired by its terms. Additionally, the district court found that even if Cleveland's employment had been constructively terminated, he had not given the ninety-days' notice required to obligate Frontstream to repurchase the stock, rejecting Cleveland's argument that it was impossible for him to give timely notice under his theory of the case. Cleveland's motion for reconsideration of the judgment was denied.

On appeal, Cleveland repeats his arguments that his employment was constructively terminated, alleging that this event occurred on the date he filed his complaint. He therefore alleges that it was impossible for him to give Frontstream the ninety-days' notice required to trigger an obligation to repurchase his stock because less than one month remained before he received his last salary payment. Alternatively, he argues that, even if the constructive discharge occurred on December 15, 2011, he did not have ninety days to give notice because Frontstream was only obligated to pay him for half of the time remaining on his contract, which was less than ninety days.

De novo review of this case reveals that summary judgment was properly entered for Frontstream because there was no genuine dispute of material fact and Frontstream was entitled to judgment as a matter of law. *See Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009).

Cleveland relies on *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88 (Tenn. 1999), for his argument that he was constructively discharged. However, that case is distinguishable on several grounds. Guiliano had a three-year employment contract that would renew in the absence of six-months' notice. *Id*. at 92. More than one year remained on the contract when he was notified that it would not be renewed and he was relieved of his duties. *Id*. at 93. He was replaced by his employer, and he obtained a new job, at which point his former employer stopped paying him. *Id.* Thus, Guiliano had more than one third of his contract remaining and was given notice more than twice as early as required by the contract.

Cleveland, on the other hand, was informed that his four-year contract would not be renewed with less than four months remaining, only slightly more than the three months' notice required under the terms of the contract. Furthermore, Frontstream submitted evidence that Cleveland was not replaced and that he was paid for the remainder of the contract term. Cleveland disputes that he was not replaced and argues that he, too, obtained a new job when he became self-employed. However, in responding to a motion for summary judgment, a party may not rest on conclusory allegations, but must present affirmative evidence in support of its claims. *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Cleveland's employment ended at the expiration of his four-year term in the precise manner envisioned by his employment contract.

Cleveland was not constructively discharged, and Frontstream was not required to repurchase his stock.

Although we need not reach the second issue raised by Cleveland (that it was impossible for him to give ninety-days' notice before his last salary payment), the argument is clearly without merit. If Cleveland believed that he was constructively discharged on December 15, 2011, he had more than sufficient time to give notice before he received his last payment from Frontstream in April 2012. He has shown no reason to believe that Frontstream intended to cease paying him halfway through the remaining term of the contract. His choice of the date he filed this complaint as the date of his constructive discharge is wholly without evidentiary support.

Thus, de novo review shows that there is no genuine issue of material fact and that Frontstream was entitled to judgment as a matter of law, and we accordingly affirm the district court's judgment.